IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J.E. JONES CONSTRUCTION COMPANY and JONES COMPANY CUSTOM HOMES, INC. n/k/a REJ CUSTOM HOMES, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause Number. 4:06CV1759 HEA |
| MARSH USA, INC., | ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 24]. Plaintiffs oppose the motion, and the matter is fully briefed. For the reasons set forth below, the Motion is denied.

## Introduction

Plaintiffs filed this action in the Circuit Court for St. Louis County against Defendant alleging breach of contract, (Count I), negligence, (Count II), and breach of fiduciary duty, (Count III). Plaintiffs claim that Defendant, their insurance broker, failed to procure Directors and Officers insurance coverage which Plaintiffs claim resulted in Plaintiffs' employee having to pay a judgment entered against him. Defendant removed this matter based on the Court's diversity of citizenship

jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant now moves for summary judgment on all counts.

### Facts and Background

Plaintiffs and other related or affiliated companies conducted business operations that included the construction of homes and the development of subdivisions.  In connection with the development of subdivisions, employees of Plaintiffs served as trustees of the subdivisions until they could be replaced by homeowners.  The subdivision trustees were responsible for the construction, development and maintenance of common areas of the subdivision.  During the late 1980s and early 1990s, Plaintiffs developed a subdivision in St. Charles County, Missouri know as Twin Chimneys.  Howard Chilcutt, an owner/employee of Plaintiffs, served as one of the trustees for the Twin Chimneys subdivision.

On March 24, 1999, Plaintiffs and Chilcutt were sued by the Twin Chimneys Homeowners' Association for breach of fiduciary duty in connection with failures to correct issues with the subdivision's man-made lakes.  A jury in the Circuit Court of St. Charles County, Missouri found in favor of Twin Chimneys Homeowners' Association on its breach of fiduciary duty claim against Chilcutt and judgment was entered in the amount of $987,940.

Defendant, through itself and a predecessor entity (Sedgwick of Missouri,

Inc.), served as Plaintiffs' insurance broker for a number of years. Dating back to at least March, 1995, Plaintiffs and Defendant were parties to annual letter agreements which identified the services to be provided by Defendant. The letter agreements were signed and agreed to each year by a representative of Plaintiffs. Pursuant to the letter agreements, Defendant agreed to the "negotiation and placement" of certain delineated lines of insurance coverage, namely, "Property, Builders Risk, Difference in Conditions, General Liability, Automobile, Workers' Compensation, Umbrella, Crime, and Fiduciary insurance coverages." None of the letter agreements identified Director and Officer coverage among the lines of coverage to be negotiated, rather, Defendant agreed, in the 1997 and 1998 letter agreements, to the "[d]evelopment of proposals for Directors & Officers Liability and Employment Practices Liability coverage".

## Discussion

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that

it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported

self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007).

Defendant argues that the letter agreements "discussed the need to develop proposals for D&O coverage." A review of these agreements, however, establishes that Defendant agreed to the "[d]evelopment of proposals for Directors & Officers Liability. . .coverage." Furthermore, Defendant attempts to establish that Defendant satisfied its obligation through the testimony of Doug Milford, a Marsh broker and the Jones' account representative. Defendant argues that Milford "advised Jones on

four or five occasions that it would not be covered if a claim of breach of fiduciary duty was asserted against a Jones employee serving as a trustee of a subdivision. The testimony, however, is not as clear as Defendant urges. Milford testified that one of the things he did for his clients was to identify risks that they might have and that he would let his clients know that there is insurance for particular risks. Specifically, Milford testified in response to the question "did you advise Jones of insurance that would cover the risk of one of their [sic] employees being sued for his job as trustee?" as follows:

> I'm going to say we probably had that conversation, but I don't know specifically broaching that. Other than there are certain coverages that provided coverage for The Jones Company and all these different entities, the subdivision ,the subdivision trustees. So, my conversation would be that--well, other than reviewing specific policies with Homer Clark or Ken Stricker, Susie Pisoni, I couldn't say that today I remember specific conversations or anything.

Furthermore, Milford also testified that he was "going to say" that he did tell someone from The Jones Company that they would not be covered if there was a claim brought for breach of fiduciary duty against The Jones Company for the acts of one of its trustees, and that that statement was probably made four or five times. However, Milford could not testify as to whether he sent an application for D&O coverage to Plaintiffs.

Plaintiffs have presented testimony in response which indicates that Plaintiffs questioned the comprehensiveness of their coverage throughout their relationship with Defendant.

While the Court agrees that Defendant is not required to anticipate every possible risk in every possible scenario with respect to Plaintiffs, the parties did enter into letter agreements regarding insurance coverage with Directors and Officers coverage being specifically delineated as one such insurance for which Defendant was required to develop proposals. The record before the Court fails to establish whether Defendant satisfied its duty to do so. As such, summary judgment is not appropriate at this time.

## **Conclusion**

Based upon the record before the Court, genuine issues of material fact remain as to Defendant's obligations *vis a vis* Plaintiffs. Defendant is therefore not entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 24] is denied.

Dated this 21st day of April, 2008.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE