IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J.E. JONES CONSTRUCTION COMPANY and JONES COMPANY CUSTOM HOMES, INC. n/k/a REJ CUSTOM HOMES, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause Number. 4:06CV1759 HEA |
| MARSH USA, INC., | ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Exclude the Testimony of Plaintiff's Expert, John W. Terrill, Jr., [Doc. 30]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion is granted in part and denied in part.

Plaintiff has retained John W. Terrill, Jr., as one of its experts in this matter. Mr. Terrill is a retired insurance broker who owned his own insurance brokerage business form 1972 to 2001, and who was employed by another insurance brokerage firm from 2001 to 2004.

### Standard for Admission of Expert Testimony

Rule 702 of the Federal Rules of Evidence provides the basis upon which

expert testimony is admissible. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 places appropriate limits on the admissibility of expert testimony by assigning the district court the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993); see also, *Eckelkamp v. Beste*, 315 F.3d 863, 868 (8th Cir. 2002). There must be a valid connection to the pertinent inquiry as a precondition to admissibility. *Id*, at 591.

In *Daubert*, the Supreme Court emphasized the role of trial judges as gatekeepers to "ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

> First, the trial court must make a "preliminary assessment of whether the reasoning is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id* at 592-93, 113 S.Ct. 2786. The Court cautioned that the trial court must focus "on [the] principles and methodology, not on the conclusions that they generate." *Id* at 591, 113 S.Ct. 2786. Second, the court must ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. *Id*, at 592, 113 S.Ct. 2786. Expert testimony assists the

trier of fact when it provides information beyond the common knowledge of the trier of fact. *Id.* at 591, 113 S.Ct. 2786. The Court, in *Kumho Tire Co. v. Carmichael*, 562 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), clarified that the district court's gatekeeper function applies to all expert testimony, not just testimony based in science. *Id.* at 147, 119 S.Ct. 1167.

*Kudabeck v. Kroger*, 338 F.3d 856, 860 (8th Cir. 2003).

## Discussion

The opinions Plaintiff seeks from Mr. Terrill are his opinions as to whether Defendant breached its duties under the parties' Letter Agreements. As such, these opinions are legal conclusion which invade the province of the jury. Mr. Terrill is not in a position, even as an insurance broker with years of experience, to testify to the existence of breaches; he is not qualified to testify as to what constitute's a breach of a duty. The allowance of Mr. Terrill's legal conclusions can only serve to advise the trier of fact as to what conclusion to reach, rather than to assist the trier of fact. In testifying as such, the Court is of the opinion that the testimony would not serve to help the trier of fact understand the evidence, but would rather, serve to propose a result for the trier of fact to reach. Clearly, the legal conclusions from an insurance expert would only serve this purpose rather than Rule 702's intended purpose of assisting the fact finder.

Having reviewed the proposed opinions, the Court concludes that Mr. Terrill's testimony which would entail advising the trier of fact that Defendant "breached" its duties under the Letter Agreements is inadmissible.

Mr. Terrill will be allowed to testify to the contents of the documents, if so desired, and can, however, testify as to the meaning of universally accepted language or terms of art in the insurance industry.

The Court also agrees with Defendant that Mr. Terrill's testimony as to a difference between large brokers and smaller brokers is irrelevant, and as such, is inadmissible.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Exclude the Testimony of Plaintiff's Expert, John W. Terrill, Jr., [Doc. 30], is granted in part and denied in part.

Dated this 28th  day of May, 2008.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE